# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:22-cr-00062-JLT-SKO-9 |
| Plaintiff, | ORDER REQUIRING GOVERNMENT TO SHOW CAUSE WHY BOND SHOULD NOT BE RETURNED TO SURETY |
| v. | |
| ALEJANDRO GUZMAN, | **FOURTEEN DAY DEADLINE** |
| Defendant. | |

A detention hearing as to Defendant Alejandro Guzman was held on April 8, 2022.  (ECF No. 109.)  Defendant was ordered released with conditions, including the surrender of his passport and a $200 cash bond.  (ECF No. 111.)  On April 11, 2022, Eduardo Navarro posted a cash bond in the amount of $200 (Receipt # CAE100050357).  (ECF No. 108.)  The Defendant and surety were advised that the bond "will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence."  (ECF No. 113 at 2.)

On August 28, 2023, Defendant entered a guilty plea to a charged offense pursuant to a written plea agreement.  (ECF Nos. 314, 326.)  On January 29, 2024, Defendant was sentenced to a custodial term of 51 months.  (ECF No. 451.)  Defendant is currently serving his sentence. (ECF No. 468.)  On March 28, 2024, Defendant's passport was returned to Defendant.  (ECF No. 464.)

Given Defendant has reported to serve his sentence, the Court shall order the Government to show cause in writing withing **fourteen (14) days** of entry of this order why the $200 appearance bond should not be released to the surety.  If the Government does not respond to this show cause order in writing, that lack of response will be construed as a non-opposition to an order by the Court directing the Clerk of Court to return the bond to the address of the surety on file.

IT IS SO ORDERED.

Dated:   **July 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge